IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Francine Gaillard | ) | C/A No. 3:21-cv-02228-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Capital One Auto Finance, Axiom Product Administration, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its order directing plaintiff Francine Gaillard and remaining defendant Axiom Product Administration, LLC, to submit briefing to the court as to why it should not sua sponte dismiss this case considering the court's dismissal of the claims over which it has original jurisdiction. For the reasons below, the court dismisses this matter pursuant to 28 U.S.C. § 1367(c)(3).

Gaillard brought this putative consumer protection class action against Axiom and former defendant Capital One Auto Finance, asserting claims for violating state and federal law arising out of her purchase of a Kia Optima. [*See* ECF No. 1.] Axiom and Capital One moved to dismiss Gaillard's claims soon after. [*See* ECF Nos. 14, 16.] The court dismissed some of Gaillard's claims and struck her class allegations as to her South Carolina Unfair Trade Practices Act Claim against Axiom. [*See* ECF No. 39.] Though Gaillard's class allegations as to Capital One on her state and federal claims against that defendant survived, only a single state-law claim against Axiom remained. [*See id.*] Because the court had federal question jurisdiction over Gaillard's federal claim, it exercised supplemental jurisdiction over Gaillard's state-law claims. [*Id.* at 28.]

1

Gaillard moved the court to reconsider its order soon after. [ECF No. 44.] Capital One also filed a crossclaim against Axiom. [ECF No. 45.] While the parties briefed Gaillard's motion, Gaillard resolved her claims against Capital One and dismissed that defendant from the action. [ECF No. 60.] Capital One, in turn, dismissed its crossclaim against Axiom. [ECF No. 50.] The only claims here, then, are state-law claims against Axiom. Gaillard has repeatedly stated that her claims against Axiom are worth less than $5,000, and Axiom does not dispute Gaillard's characterization of her damages. [*See* ECF Nos. 44, 49, and 55.] The court thus directed the parties to submit briefing to the court as to why it should not sua sponte dismiss the case and deny Gaillard's pending motion to reconsider and motion for a status conference [ECF No. 62] as moot given the court's dismissal of the claims over which it had original jurisdiction. [ECF No. 64.] Neither party objected to the court declining to exercise supplemental jurisdiction in their submissions. [ECF Nos. 65, 66.]

A court may decline to exercise supplemental jurisdiction over a claim if, among other reasons, the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. As Gaillard points out, "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

As discussed above, the court dismissed all Gaillard's federal claims when it dismissed Capital One from this case. All that is left is a single state-law claim against Axiom where the

alleged damages are, according to Gaillard, worth less than $5,000. And, as Gaillard points out, the parties have not yet engaged in discovery. For these reasons, the court declines to exercise supplemental jurisdiction over Gaillard's remaining claim against Axiom and dismisses the matter.

**IT IS SO ORDERED.**

s/ Sherri A. Lydon_____<br>United States District Judge

May 5, 2023
Columbia, South Carolina